(126 So. 856)

**STOKES v. STATE.**

**4 Div. 548.**

Court of Appeals of Alabama.
March 4, 1930.

Charlie C. McCall, Atty. Gen., for the State.

448

BRICKEN, P. J.

Upon an indictment which charged this appellant with the offense of murder in the second degree, he was tried and convicted for manslaughter in the first degree, the jury fixed his punishment at imprisonment for five years, and thereupon the court duly sentenced him to the penitentiary for said term.

The deceased named in the indictment was Clarence Phillips, and the evidence, without conflict, disclosed that he came to his death as a result of several pistol shot wounds inflicted upon him by this appellant in a shooting encounter between these parties. The evidence also disclosed that the deceased and appellant were not friendly and that they had a difficulty some thirty minutes prior to the fatal shooting.

The killing of the deceased by the accused (appellant) being admitted, the material inquiry upon the trial was whether or not this appellant was, under all the facts and circumstances, justified under the law of self-defense. Under the undisputed facts hereinabove stated, no other insistence was, or could have been, made.

The law of the case was given to the jury by the court in the oral charge very fully, explicitly, and ably. Each sentence of said charge was correctly stated, and in the entire charge the substantial rights of the defendant were fully and carefully protected by the court.

■■ The trend of the evidence tended to show that this appellant entered into the fatal difficulty willingly. The jury so ascertained by its verdict, and under the law, if this was true, the right of self-defense was not available to the defendant. In addition to this, nothing appears in the evidence, after a careful consideration thereof, which tended to show that the accused could not have retreated with safety and without thereby imperiling his own life or increasing his danger; and if this were true, his implied plea of self-defense could not prevail.

As we view this case, a clear-cut question of fact for the jury was presented. The few exceptions to the court's rulings upon the trial are so clearly without merit they need no discussion. It is manifest to this court that every substantial right of the accused was carefully safeguarded by the trial court. Certainly there appears no incident of the trial wherein any ruling of the court even tended to unduly prejudice him.

No written charges were requested, nor motion for new trial made. The record proper is regular in all things; therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.